Original

# EXHIBIT _1_

# AFFIDAVIT OF

# SHARI STONE-MEDIATORE

App. P. 1

STATE OF ILLINOIS )
                 ) SS
COUNTY OF COOK )

## AFFIDAVIT

      I, Shari Stone-Mediatore, being first duly sworn under oath, depose and state that the following is true and correct, and made upon my personal knowledge, and that I am competent to testify thereto:

1. That I am a friend of Joseph Dole who is incarcerated in Illinois.
2. That I occasionally assist Mr. Dole by contacting court clerks and others, so as to help him obtain records related to his criminal case.
3. That in March 2024, upon Mr. Dole's request, I contacted the Clerk of the United States District Court, Middle District of Florida, Fort Myers Division to try to obtain the sentencing transcripts in the case of United States v. Nathan Steffen, No. 2:98-cr-0083.
4. That, on March, 5, 2024, I spoke with someone at the courthouse who was a supervisor named Shelly, who informed me that no transcripts were prepared and filed with the court for this case.
5. That, in that same phone call on March 5, 2024, I asked Shelly how to get any materials from this case, and Shelly suggested that I request the transcripts from the Federal Records Center, and *she also told me that documents 54, 57, and 58 were sealed.*
6. That, later that week, I relayed to Mr. Dole what Shelly had told me, and Mr. Dole informed me that, while he did receive a file associated with the above-numbered case from federal storage in the past, he was never informed that there were any sealed records related to that case.
7. That I am a subscriber to PACER, and I looked up the docket statement on PACER for the above-numbered case and found that there was no notation on PACER stating that the documents attached to docket entries 54, 57, or 58 were sealed, so I tried to access those documents, but PACER denied me access.
8. That I sent Mr. Dole a printed copy of the docket entries on PACER for the above-numbered case.

/s/ _____

AFFIANT

Shari Stone-Mediatore
2324 N. Spaulding Ave., Unit 2A
Chicago, IL 60647-2557

SUBSCRIBED AND SWORN TO BEFORE ME
THIS 2 DAY OF October, 2024.

_____
NOTARY PUBLIC

OFFICIAL SEAL
RUTH MARTINEZ
Notary Public, State of Illinois
Commission No. 901219
My Commission Expires
July 08, 2028

App. P. 2

# EXHIBIT <u>2</u>
# RECORD SHOWING NATHAN STEFFEN RECEIVED THREE DISCIPLINARY REPORTS RESULTING IN SANCTIONS WHILE AT FCI EDGEFIELD (Not Just One Like He Testified To).

App. P. 3



## UNITED STATES GOVERNMENT
### MEMORANDUM
Federal Correctional Institution, Edgefield, South Carolina 29824

**Date:**  March 14, 2000

**Reply to**
**Attn of:**  Joe White, ISM Manager

**Subject:**  State Writ Request - STEFFEN, Nathan Lee; Register # 20714-018

**To:**  **M. E. Ray, Warden**

The State Attorney's Office for Cook County, Illinois, has requested that we produce Inmate Nathan Lee Steffen, Register Number 20714-018, in the Circuit Court of Cook County, pursuant to a Writ of Habeas Corpus. He is needed to testify in the trial of the State of Illinois vs. Joseph Dole.

Inmate Steffen arrived at FCI Edgefield on April 29, 1999. He is committed to serve 16 months for the offense of Harboring a Fugitive. He has a tentative release date of May 16, 2000. He is In Custody, with a High Security Classification Level. He has received three disciplinary reports, resulting in sanctions. He is a CIMS case.

While in the custody of Cook County, Inmate Steffen will be housed at the Cook County Jail in Chicago, Illinois. Upon approval, transportation will be provided by the Cook County State Attorney's Deputies.

APPROVED        ☒

DISAPPROVED    ( )

M. E. Ray, Warden            3/30/00
                             Date

App. P. 4

# EXHIBIT <u>3</u>

# UNDISCLOSED TWO-LEVEL DOWNWARD DEPARTURE IN NATHAN STEFFEN'S FEDERAL HARBORING A FUGITIVE CASE FOR ASSISTANCE IN DOLE'S PROSECUTION

## (Motion For Downward Departure And Docket Entry Showing The Court Granted It)

App.P.5



FILED

UNITED STATES DISTRICT COURT    99 JAN 21 PM 1:12
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION    CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

UNITED STATES OF AMERICA        :
                                :
v.                              : CASE NO.  98-83-Cr-FTM-17
                                :
NATHAN LEE STEFFEN              :

## MOTION FOR DOWNWARD DEPARTURE PURSUANT TO U.S.S.G. § 5K1.1 BASED UPON SUBSTANTIAL ASSISTANCE

Comes now the United States, by and through its undersigned Assistant United States Attorney, and in filing this motion for downward departure based upon substantial assistance, states as follows:

1.    The defendant, Nathan Lee Steffen, is scheduled to be sentenced before the Honorable Leonard D. Wexler, Senior United States District Judge, in Fort Myers, Florida, on or about February 12, 1999.

2.    Steffen has cooperated with the government.  In furtherance of his cooperation, Steffen has provided information to the United States Attorney's Office in Illinois regarding gang-related activity, and has had occasion to testify in front of the Grand Jury there.

3.    As a result of the assistance provided by the defendant, Nathan Lee Steffen, the undersigned Assistant United States Attorney has been authorized to seek

App. P. 6

EAK/LDW

45

a two-level departure from the applicable guideline range pursuant to U.S.S.G. §

5K1.1.

Respectfully submitted,

CHARLES R. WILSON
UNITED STATES ATTORNEY

By:

DOUGLAS MOLLOY
Managing Assistant United States
  Attorney
Florida Bar No. 316717
2110 First Street, Suite 3-137
Fort Myers, Florida  33901

App. P. 7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

forwarded by United States Mail on this 21st day of January, 1999, to the following:

Charles Harris
Assistant Federal Public Defender
2110 First Street, Suite 2-146
Fort Myers, FL 33901

DOUGLAS MOLLOY
Managing Assistant United States Attorney

3

App. P. 8

To:                           DOLE, JOSEPH
Booking Number:               K84446
Location:                     54, 08, C, STA, STA, ILDOC, US


From:                         Stone-Mediatore, Shari
Request Date:                 1/25/2024 4:00:54 AM (CST)
Subject:                      NS Docket


Message:
Did you simply want the docket entries?  Below is docket


07/23/1998 1  INDICTMENT as to Nathan Lee Steffen (1) count(s) 1 and Kristina Rose Klaw (2)
count(s) 1 (kma) (drn). (Entered: 07/23/199
07/23/1998   MAGISTRATE JUDGE CASE ASSIGNMENT Magistrate assigned: George T. Swartz
(kma) (Entered: 07/23/199
07/27/1998 2  SUMMONS(ES) issued for Nathan Lee Steffen Initial Appearance set for 100 8/5/98
for Nathan Lee Steffen before Magistrate Judge George T. Swartz (sll) (Entered: 07/27/199
07/27/1998 3  SUMMONS(ES) issued for Kristina Rose Klaw Initial Appearance set for 100 8/5/98
for Kristina Rose Klaw before Magistrate Judge George T. Swartz (sll) (Entered: 07/27/199
07/31/1998 4  Summons Returned Unexecuted as to Kristina Rose Klaw (sll) (Entered: 08/03/199
08/05/1998 5  INITIAL APPEARANCE held on 8/5/98 before Magistrate Judge George T. Swartz as
to Nathan Lee Steffen Court Reporter: SWFLR-Tracie Sitkins Defendant(s) informed of rights. (sll)
(Entered: 08/05/199
08/05/1998 6  ORDER Setting Conditions of Release as to Nathan Lee Steffen Bond set to $50,000
Signature for Nathan Lee Steffen. ( Signed by Magistrate Judge George T. Swartz ) (sll) (Entered:
08/05/199
08/05/1998 7  APPEARANCE BOND ( Signature) for Nathan Lee Steffen in Amount $ 50,000 (
Signed by Magistrate Judge George T. Swartz ) (sll) (Entered: 08/05/199
08/05/1998 8  ORDER appointing Federal Public Defender for Nathan Lee Steffen ( Signed by
Magistrate Judge George T. Swartz ) (sll) (Entered: 08/05/199
08/05/1998 9  NOTICE OF HEARING: setting arraignment for 9:45 8/25/98 for Nathan Lee Steffen
Scheduled for Magistrate Judge George T. Swartz (sll) (Entered: 08/05/199
08/05/1998 10  ARREST WARRANT issued as to Kristina Rose Klaw (sll) (Entered: 08/05/199
08/06/1998 11  NOTICE regarding passport as to Nathan Lee Steffen (sll) (Entered: 08/06/199
08/07/1998 12  NOTICE of appearance for Nathan Lee Steffen by attorney Charles Michael Harris
(sll) (Entered: 08/07/199

App. P. 9

To:                                      DOLE, JOSEPH
Booking Number:                          K84446
Location:                                54, 08, C, STA, STA, ILDOC, US


From:                                    Stone-Mediatore, Shari
Request Date:                            1/25/2024 4:01:13 AM (CST)
Subject:                                 NS Docket - entries 12 -24


Message:
08/07/1998   ARREST of Kristina Rose Klaw (sll) (Entered: 08/07/199

08/07/1998 13  INITIAL APPEARANCE held on 8/7/98 before Magistrate Judge George T. Swartz as to Kristina Rose Klaw; Bond set Court Reporter: SWFLR-Lori Hedden Defendant(s) informed of rights. (sll) (Entered: 08/07/199

08/07/1998 14  ORDER Setting Conditions of Release as to Kristina Rose Klaw Bond set to $50,000 Signature for Kristina Rose Klaw. ( Signed by Magistrate Judge George T. Swartz ) (sll) (Entered: 08/07/199

08/07/1998 15  APPEARANCE BOND ( Signature) for Kristina Rose Klaw in Amount $ 50,000 ( Signed by Magistrate Judge George T. Swartz ) (sll) (Entered: 08/07/199

08/07/1998 16  ORDER appointing Federal Public Defender for initial appearance and bond only for Kristina Rose Klaw ( Signed by Magistrate Judge George T. Swartz ) (sll) (Entered: 08/07/199

08/07/1998 17  NOTICE OF HEARING: setting arraignment for 9:45 8/25/98 for Kristina Rose Klaw Scheduled for Magistrate Judge George T. Swartz (sll) (Entered: 08/07/199

08/10/1998 18  Return of service unexecuted as to Nathan Lee Steffen (aa) (Entered: 08/11/199

08/11/1998 19  ARREST WARRANT returned executed as to Kristina Rose Klaw on 8/7/98 (lap) (Entered: 08/11/199

08/12/1998 20  NOTICE of unavailability by USA for dates 10/5/98 through 10/14/98 as to Nathan Lee Steffen, Kristina Rose Klaw (bjt) (Entered: 08/12/199

08/12/1998 20  MOTION by USA for protective order as to Nathan Lee Steffen, Kristina Rose Klaw (bjt) (Entered: 08/12/199

08/13/1998 21  NOTICE of discovery response by USA as to Nathan Lee Steffen (aa) (Entered: 08/14/199

08/14/1998 22  NOTICE regarding passport as to Kristina Rose Klaw (sll) (Entered: 08/17/199

08/17/1998 23  CJA 20 as to Kristina Rose Klaw : Appointment of Attorney William F. Ebsary Jr. Voucher # 0837854 ( Signed by Magistrate Judge George T. Swartz ) (sll) (Entered: 08/18/199

08/18/1998 24  NOTICE of discovery response by USA as to Kristina Rose Klaw (sll) (Entered: 08/18/199

App. P. 10

To:                           DOLE, JOSEPH
Booking Number:               K84446
Location:                     54, 08, C, STA, STA, ILDOC, US


From:                         Stone-Mediatore, Shari
Request Date:                 1/25/2024 4:01:31 AM (CST)
Subject:                      NS docket 25-33


Message:

08/18/1998 25  MOTION by USA for protection of dates 10/5/98-10/14/98 as to Kristina Rose Klaw (sll) (Entered: 08/18/199

08/25/1998 26  ARRAIGNMENT held on 8/25/98 as to Nathan Lee Steffen, Kristina Rose Klaw. Defendant(s) pled not guilty before Magistrate Judge George T. Swartz Court Reporter: SWFLR-Lori Hedden (sll) (Entered: 08/26/199

08/25/1998 27  ARRAIGNMENT held on 8/25/98 as to Kristina Rose Klaw. Defendant(s) pled not guilty before Magistrate Judge George T. Swartz Court Reporter: SWFLR-Lori Hedden (sll) (Entered: 08/26/199

08/25/1998 28  PRETRIAL DISCOVERY ORDER AND NOTICE as to Nathan Lee Steffen setting Status conference for 10 9/8/98 for Nathan Lee Steffen Scheduled for Judge Elizabeth A. Kovachevich ( Signed by Magistrate Judge George T. Swartz ) (sll) (Entered: 08/26/199

08/25/1998 29  PRETRIAL DISCOVERY ORDER AND NOTICE as to Kristina Rose Klaw setting Status conference for 10 9/8/98 for Kristina Rose Klaw Scheduled for Judge Elizabeth A. Kovachevich ( Signed by Magistrate Judge George T. Swartz ) (sll) (Entered: 08/26/199

08/25/1998 30  NOTICE regarding plea of guilty furnished to Counsel as to Nathan Lee Steffen (sll) (Entered: 08/26/199

08/25/1998 31  NOTICE regarding plea of guilty furnished to Counsel as to Kristina Rose Klaw (sll) (Entered: 08/26/199

09/08/1998 32  STATUS CONFERENCE held on 9/8/98 before Judge Elizabeth A. Kovachevich as to Nathan Lee Steffen, Kristina Rose Klaw Court Reporter: Dennis Miracle (sll) (Entered: 09/09/199

09/08/1998  ORAL MOTION in open court by Nathan Lee Steffen, Kristina Rose Klaw to continue trial (sll) (Entered: 09/09/199

09/08/1998  ORAL ORDER granting 0-0 oral motion to continue trial as to Nathan Lee Steffen (1), Kristina Rose Klaw (2) ( Entered by Judge Elizabeth A. Kovachevich ) (sll) (Entered: 09/09/199

09/09/1998 33  NOTICE of regarding speedy trial calculations by USA as to Nathan Lee Steffen, Kristina Rose Klaw (sll) (Entered: 09/10/199

App. P. 11

To:                                    DOLE, JOSEPH
Booking Number:                        K84446
Location:                              54, 08, C, STA, STA, ILDOC, US

From:                                  Stone-Mediatore, Shari
Request Date:                          1/25/2024 4:01:50 AM (CST)
Subject:                               NS Docket - 34 - 44

Message:
09/29/1998 34  SCHEDULING ORDER setting Jury Trial for term commencing 90 10/13/98 through
10/31/98 for Nathan Lee Steffen, for Kristina Rose Klaw ; Scheduled for Judge Leonard D. Wexler
and Judge Maurice B. Cohill, Jr. (s/Diane Gosser Courtroom Deputy) (sll) (Entered: 09/29/199
10/01/1998  ENDORSED ORDER granting 25-1 motion for protection of dates 10/5/98-10/14/98 as
to Kristina Rose Klaw (2) ( Signed by Judge Elizabeth A. Kovachevich ) (sll) (Entered: 10/01/199
10/07/1998 35  NOTICE OF HEARING: setting status conference for 90 10/19/98 for Nathan Lee
Steffen, for Kristina Rose Klaw Scheduled for Judge Leonard D. Wexler (sll) (Entered: 10/07/199
10/15/1998 36  NOTICE OF HEARING: setting change of plea hearing for 110 10/19/98 for Nathan
Lee Steffen Scheduled for Judge Leonard D. Wexler (sll) (Entered: 10/15/199
10/16/1998 37  PRETRIAL DIVERSION Agreement as to Kristina Rose Klaw Counts closed:
Kristina Rose Klaw (2) count(s) 1 (sll) (Entered: 10/19/199
10/20/1998 38  STATUS CONFERENCE held on 10/19/98 before Judge Leonard D. Wexler as to
Kristina Rose Klaw Court Reporter: SWFLR-Tracie Sitkins (sll) (Entered: 10/20/199
10/21/1998 39  CHANGE OF PLEA Hearing before Judge Leonard D. Wexler Guilty Plea Proffered
and Accepted as to Nathan Lee Steffen (1) count(s) 1 (sll) (Entered: 10/21/199
10/21/1998 40  STANDARD PLEA QUESTIONNAIRE by Nathan Lee Steffen (sll) (Entered:
10/21/199
10/21/1998 41  PLEA AGREEMENT as to Nathan Lee Steffen (sll) (Entered: 10/21/199
10/22/1998 42  PLEA AGREEMENT as to Nathan Lee Steffen (sll) (Entered: 10/23/199
11/19/1998 43  CJA 20 Authorization to pay William F. Ebsary Jr. for defendant Kristina Rose Klaw
, Amount: $ 1,407.81 Voucher # 0837854 ( Signed by Judge Elizabeth A. Kovachevich ) (sll)
(Entered: 11/19/199
12/28/1998 44  NOTICE OF HEARING: setting Sentencing for 110 2/12/99 for Nathan Lee Steffen
Scheduled for Judge Leonard D. Wexler (sll) (Entered: 12/28/199

App. P. 12

To:
Booking Number:
Location:

DOLE, JOSEPH
K84446
54, 08, C, STA, STA, ILDOC, US

From:
Request Date:
Subject:

Stone-Mediatore, Shari
1/25/2024 4:02:10 AM (CST)
NS Docket 45 -54

Message:

01/21/1999 45  MOTION by USA to recognize defendant's substantial assistance pursuant to Rule 5k1.1 as to Nathan Lee Steffen; Copy given to Judge Leonard D. Wexler (sll) (Entered: 01/21/1999)

01/21/1999 46  PETITION for action on conditions of Pretrial Release as to Nathan Lee Steffen requesting a notice to appear (ORDER granting petition) ( Signed by Magistrate Judge George T. Swartz ) (sll) (Entered: 01/21/1999)

01/22/1999 47  NOTICE OF HEARING: setting Bond Revocation Hearing for 100 2/2/99 for Nathan Lee Steffen Scheduled for Magistrate Judge George T. Swartz (sll) (Entered: 01/22/1999)

02/02/1999 48  PRELIMINARY REVOCATION HEARING held on 2/2/99 before Magistrate Judge George T. Swartz as to Nathan Lee Steffen Tape 99-2 (sll) (Entered: 02/02/1999)

02/02/1999 49  ORDER OF DETENTION as to Nathan Lee Steffen ( Signed by Magistrate Judge George T. Swartz ) (sll) (Entered: 02/02/1999)

02/26/1999 50  SENTENCING before Judge Leonard D. Wexler, as to Nathan Lee Steffen (1) count(s) 1. Imprisonment: 16 months; Supervised Release: 36 months; Special Assessment: $100 (2/12/99-LDW) granting 45-1 motion to recognize defendant's substantial assistance pursuant to Rule 5k1.1 as to Nathan Lee Steffen (1) Court Reporter: SWFLR-Tracie Sitkins (sll) (Entered: 02/26/1999)



02/26/1999 51  JUDGMENT as to Nathan Lee Steffen ( Signed by Judge Leonard D. Wexler ) MFR 9/325 (sll) (Entered: 02/26/1999)

03/04/1999 52  NOTICE regarding passport as to Nathan Lee Steffen (sll) (Entered: 03/04/1999)

03/10/1999 53  AMENDED JUDGMENT: Nathan Lee Steffen (1) count(s) 1. Imprisonment: 16 months; Supervised Release: 36 months; Special Assessment: $100 (2/12/99-LDW) AMENDED (3/10/99-LDW) ( Signed by Judge Leonard D. Wexler ) MFR 9/409 (sll) (Entered: 03/10/1999)

05/03/1999 54  RETURN of judgment executed as to Nathan Lee Steffen on 4/29/99 at FCI, Edgefield, SC (sll) (Entered: 05/04/1999)

App. P.13

To:
Booking Number:
Location:

DOLE, JOSEPH
K84446
54, 08, C, STA, STA, ILDOC, US

From:
Request Date:
Subject:

Stone-Mediatore, Shari
1/25/2024 4:02:26 AM (CST)
NS Docket - 55 - the end

Message:
04/19/2000 55  MOTION by USA to dismiss indictment as to Kristina Rose Klaw Referred to
Magistrate Judge Douglas N. Frazier (sll) (Entered: 04/20/2000)
04/20/2000 56  ORDER granting 55-1 motion to dismiss indictment as to Kristina Rose Klaw (2) (
Signed by Magistrate Judge Douglas N. Frazier ) ctc (sll) (Entered: 04/20/2000)
08/18/2000 57  PETITION on probation and supervised release as to Nathan Lee Steffen
requesting modification of supervision (ORDER granting petition) ( Signed by Judge John E.
Steele ) ctc (lap) (Entered: 08/18/2000)
12/13/2000  CASE reassigned to Judge John E. Steele (bjt) (Entered: 12/13/2000)
12/13/2000 58  PETITION on probation and supervised release as to Nathan Lee Steffen
requesting modifications of release (ORDER granting petition) ( Signed by Judge John E. Steele )
ctc (bjt) (Entered: 12/13/2000)
08/20/2002 59  PETITION on probation and supervised release as to Nathan Lee Steffen
requesting modification of supervision (ORDER granting petition) ( Signed by Judge John E.
Steele ) ctc (lap) (Entered: 08/20/2002)
08/30/2010   ***FRC record data: accession # 021 04 0367; agency box # 43 of 55; location # 5 011
23 8 3; temporary (LMH) (Entered: 08/30/2010)

Now that i have the correct case number as Pacer wants it, I can easily find this case. So just let
me know if you need anything else with it. I'm getting a little better with Pacer (esp. with Ben's
help), so I can get other stuff on Pacer, too, if needed

Take care,  Shari

App. P. 14

To:
Booking Number:
Location:

DOLE, JOSEPH
K84446
23, A, R1, PNK, PNK, ILDOC, US

From:
Request Date:
Subject:

Stone-Mediatore, Shari
10/26/2024 11:44:59 AM (CDT)
docs on Steffen case, somatic video

Message:
Hi Joe,

What I was trying to explain to you before we got cut off is this --

On the docket reports on Pacer, if a docket entry has documents associated with it, then there is a line underneath the docket number.   On this Steffen case, there are lines underneath docket numbers 1, 54, 55, 56, 57, and 58. The other entries do not have lines under them, so there is nothing to click on and I assume no documents.

   When there is a line underneath a number and you want to see the documents, you click on that number. Then -- usually --- a page appears that says how many pages the documents are and how much they cost.  If you accept the cost and still want the documents, you click on the button, then the document comes up.

   When I click on docket entry number 1 for the Steffen case, which is the indictment, the usual process happens, as I describe above.

   However, when I click on numbers 54, 55, 57, and 58, a page comes up that says -- You do not have permission to view this document.  There is nothing more to click on.

Other than that, the docket report does not say anything about the documents being sealed.

I printed out the pages and I'm mailing copies of all of this to you today.

App. P. 15

10/25/24, 3:53 PM

Electronic Case Filing | U.S. District Court - Middle District of Florida

**Query**    Reports    **Utilities**    Help    Log Out

ARCHIVED,CLOSED,GTS

# U.S. District Court
# Middle District of Florida (Ft. Myers)
# CRIMINAL DOCKET FOR CASE #: 2:98-cr-00083-JES All Defendants

Case title: USA v. Steffen, et al

Date Filed: 07/23/1998

Date Terminated: 02/26/1999

Assigned to: Judge John E. Steele

**Defendant (1)**

**Nathan Lee Steffen**
*TERMINATED: 02/26/1999*

represented by **Charles Michael Harris**
Charles M. Harris, PA
11371 Barca Blvd.
Boynton Beach, FL 33437-4073
239/989-5050
Email: charlesmharris@aol.com
*TERMINATED: 02/26/1999*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Pending Counts**

18:1071.F CONCEALING PERSON
FROM ARREST
(1)

**Disposition**

Imprisonment: 16 months; Supervised
Release: 36 months; Special Assessment:
$100 (2/12/99-LDW) AMENDED
(3/10/99-LDW)

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

*App. P. 16*

Electronic Case Filing | U.S. District Court - Middle District of Florida                                   10/25/24, 3:53 PM

| | | |
|---|---|---|
| | | 1. Imprisonment: 16 months; Supervised Release: 36 months; Special Assessment: $100 (2/12/99-LDW) granting [45-1] motion to recognize defendant's substantial assistance pursuant to Rule 5k1.1 as to Nathan Lee Steffen (1) Court Reporter: SWFLR-Tracie Sitkins (sll) (Entered: 02/26/1999) |
| 02/26/1999 | 51 | JUDGMENT as to Nathan Lee Steffen ( Signed by Judge Leonard D. Wexler ) MFR 9/325 (sll) (Entered: 02/26/1999) |
| 03/04/1999 | 52 | NOTICE regarding passport as to Nathan Lee Steffen (sll) (Entered: 03/04/1999) |
| 03/10/1999 | 53 | AMENDED JUDGMENT: Nathan Lee Steffen (1) count(s) 1. Imprisonment: 16 months; Supervised Release: 36 months; Special Assessment: $100 (2/12/99-LDW) AMENDED (3/10/99-LDW) ( Signed by Judge Leonard D. Wexler ) MFR 9/409 (sll) (Entered: 03/10/1999) |
| 05/03/1999 | 54 | RETURN of judgment executed as to Nathan Lee Steffen on 4/29/99 at FCI, Edgefield, SC (sll) (Entered: 05/04/1999) |
| 04/19/2000 | 55 | MOTION by USA to dismiss indictment as to Kristina Rose Klaw Referred to Magistrate Judge Douglas N. Frazier (sll) (Entered: 04/20/2000) |
| 04/20/2000 | 56 | ORDER granting [55-1] motion to dismiss indictment as to Kristina Rose Klaw (2) ( Signed by Magistrate Judge Douglas N. Frazier ) ctc (sll) (Entered: 04/20/2000) |
| 08/18/2000 | 57 | PETITION on probation and supervised release as to Nathan Lee Steffen requesting modification of supervision (ORDER granting petition) ( Signed by Judge John E. Steele ) ctc (lap) (Entered: 08/18/2000) |
| 12/13/2000 | | CASE reassigned to Judge John E. Steele (bjt) (Entered: 12/13/2000) |
| 12/13/2000 | 58 | PETITION on probation and supervised release as to Nathan Lee Steffen requesting modifications of release (ORDER granting petition) ( Signed by Judge John E. Steele ) ctc (bjt) (Entered: 12/13/2000) |
| 08/20/2002 | 59 | PETITION on probation and supervised release as to Nathan Lee Steffen requesting modification of supervision (ORDER granting petition) ( Signed by Judge John E. Steele ) ctc (lap) (Entered: 08/20/2002) |
| 08/30/2010 | | ***FRC record data: accession # 021 04 0367; agency box # 43 of 55; location # 5 011 23 8 3; temporary (LMH) (Entered: 08/30/2010) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/25/2024 15:48:36 | | |
| **PACER Login:** | ██████ | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:98-cr-00083-JES |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

App - P. 17

**Query**    **Reports**    **Utilities**    **Help**    **Log Out**

To accept charges shown below, click on the 'View Document' button, otherwise click the 'Back' button on your browser.

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| Fri Oct 25 15:58:42 2024 | | |
| **Pacer Login:** | ▓▓▓▓▓▓ | **Client Code:** | |
| **Description:** | Image1-0 | **Case Number:** | 2:98-cr-00083-JES |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

View Document

*# this is the page that appears when I click on docket entry #1*

App. P. 18

**Query**    **Reports**    **Utilities**    **Help**    **Log Out**

You do not have permission to view this document.

*\* This is the page that appears when I click on docket entries 54, 55, 56, 57, 58,*

App. P. 19

# EXHIBIT  4

# APRIL 24, 2000

# EXCERPT OF TESTIMONY

# OF NATHAN STEFFEN IN

# *PEOPLE V. DOLE, 98 CR 14769*

App. P. 20

1    STATE OF ILLINOIS    )
                           )  SS:
2    COUNTY OF C O O K    )

3                    IN THE CIRCUIT COURT OF COOK COUNTY
                      COUNTY DEPARTMENT-CRIMINAL DIVISION
4
     THE PEOPLE OF THE      )
5    STATE OF ILLINOIS,     )
                            )        Criminal
6            Plaintiff,     )
                            )        No. 98 CR 14769
7       vs.                 )
                            )        Charge: Murder
8    JOSEPH DOLE,           )        JURY TRIAL
                            )
9            Defendant.     )

10           REPORT OF PROCEEDINGS had of the hearing

11   in the above-entitled cause, before the Honorable

12   KENNETH J. WADAS, Judge of said court, on the 24th

13   day of April, 2000.

14       APPEARANCES:

15           HONORABLE RICHARD A. DEVINE,
                  State's Attorney of Cook County, by:
16           MR. JOSEPH ALESIA,
             MR. PATRICK KELLY,
17                Assistant State's Attorneys,
                  for the People of the State of Illinois;
18
             MR. RICHARD BEUKE,
19           MR. SAM SHIM,
                  for the Defendant.
20

21

22
     Pamela M. Terry, CSR #084-001170
23   Official Court Reporter
     2650 S. California Ave.-4C02
24   Chicago, Illinois  60608

                              F-1            App. P. 21

1                           I N D E X

2

3        Date of Hearing: 4-24-2000

4        Page Numbers: F-1 thru F-215

5

6                        PROCEEDINGS

7    WITNESSES                      DX      CX      RDX      RCX

8    NATHAN STEFFEN                  4      55      139      141

9    ASA SHAUNA BOLIKER            146     149      155      156

10   DET. ERNIE MYERSON            158     180

11   DET. ROBERT RODRIGUEZ         190     197

12

13

14

15

16

17

18

19

20

21

22

23

24

App. P. 22

1    THE CLERK:  People of the State of Illinois versus

2    Joseph Dole.

3    THE COURT:  All right.  Are both sides ready to

4    proceed?

5    MR. ALESIA:  Yes, Judge.

6    MR. BEUKE:  Yes, your Honor.

7    THE COURT:  All right.  Bring out the Jury,

8    please.

9                    (The following proceedings were had

10                    in the presence of the Jury:)

11    THE COURT:  All right.  I hope everybody had a

12    pleasant weekend and holiday.

13                    State may call their next witness,

14    please.

15

16

17

18

19

20

21

22

23

24

F-3                      App. P. 23

1                          (Witness duly sworn.)

2                          NATHAN STEFFEN,

3    a witness called on behalf of the People, having been

4    first duly sworn, was examined and testified as

5    follows:

6                          DIRECT EXAMINATION.

7                          BY MR. ALESIA:

8         Q    Sir, in a loud, clear voice so everybody can

9    hear, could you please introduce yourself to these

10   Ladies and Gentlemen, and spell your first and last

11   name for the lady in front of you?

12        A    Nathan Steffen, N-a-t-h-a-n, S-t-e-f-f-e-n.

13        Q    Nathan, how old are you?

14        A    Twenty-one (21).

15        Q    Where are you living now?

16        A    In F.C.I. in Edgefield.

17        Q    Federal Correctional Institution?

18        A    Yes.

19        Q    In Edgefield, South Carolina?

20        A    Yes.

21        Q    Prior to residing in Edgefield, South

22   Carolina, where were you living?

23        A    Fort Meyers, Florida.

24        Q    What was your address?

App. P. 24

1    Q    Now, in July of 1996, you pled guilty to the

2    charge of first degree reckless endangerment and

3    received two (2) years in the Department of

4    Corrections in the state of Wisconsin?

5    A    Yes.

6    Q    You got out in May of 1997?

7    A    Yes.

8    Q    And then you moved to Palatine?

9    A    Yes.

10    Q    In December of 1998, you pled guilty to --

11    strike that.  In June of 1998, you pled guilty to

12    burglarizing some automobiles down in Florida; is that

13    correct?

14    A    Yes.

15    Q    And you received three (3) years probation

16    from the Florida authorities on that case?

17    A    Yes.

18    Q    And, finally, in December of 1998, you pled

19    guilty to a Federal charge of harboring a fugitive,

20    which is why you are in custody today; is that

21    correct?

22    A    Yes.

23    Q    And that sentence was for sixteen (16) months

24    in the Federal Correctional Institution?

F-6                      App. P. 25

1      A      Yes.

2      Q      And who was the fugitive that you were

3   harboring that got you the 16-month sentence for?

4      A      Joseph Dole.

5      Q      Do you know Joseph Dole?

6      A      Yes.

7      Q      Do you see him in court today?

8      A      Yes.

9      Q      Could you point to him and tell these Ladies

10   and Gentlemen something he is wearing today?

11      A      The white sweater with the undershirt

12   (indicating).

13      THE COURT:   Indicating for the record an in-court

14   identification of the Defendant, Joseph Dole, by this

15   witness, Mr. Steffen.

16      MR. ALESIA:

17      Q      Mr. Steffen, while you had been in the

18   Federal Correctional Institution, you were caught with

19   a marijuana cigarette, a "joint"; is that correct?

20      A      Yes.

21      Q      And you received some time in segregation for

22   that; is that correct?

23      A      Yes.

24      Q      I would like to talk to you about gangs.

F-7                      App. P. 26

1    among yourselves during the lunch break.  Have a great

2    lunch.

3                     (Whereupon, a recess was had.)

4        THE COURT:  All right.  Bring out the Jury,

5    please.

6                     (The following proceedings were had

7                      in the presence of the Jury:)

8        THE COURT:  Okay.  You may continue to cross-exam,

9    Mr. Beuke.

10                   CROSS-EXAMINATION (cont.)

11                   BY MR. BEUKE:

12       Q    Mr. Steffen, after all this stuff began to

13    jump off, and I believe that is where we left off.  At

14    some point, Agents got to your home, and they gave you

15    a copy of a Federal Search Warrant to search your

16    residence; is that correct?

17       A    Yes.

18       Q    And that search of your residence was

19    conducted while you and all the family members were

20    there; is that correct?

21       A    Yes.

22       Q    Did you remain in the house or go out of the

23    house?

24       A    Outside of the house.

1    Agent Kuchta the facts as you just related to the

2    Ladies and Gentlemen of the Jury?

3         A    Yes, correct.

4         Q    Did you ask Kuchta if he would check with

5    your lawyer on the burglary to auto case to find out

6    how that was going to work out?

7         A    No.

8         Q    Did you ask Kuchta if you could contact your

9    lawyer?

10        A    No.

11        Q    At that point, Nathan Steffen was trying to

12   save Nathan Steffen; is that correct?

13        MR. ALESIA:  Objection, Judge; argumentative.

14        THE COURT:  Sustained.

15        MR. BEUKE:  Q  Well, sir, you spent the better

16   part of May 1st into May 2nd down at the station; is

17   that correct?

18        A    Correct.

19        Q    And into May 3rd; is that correct?

20        A    It was the day after that happened, that's

21   it.

22        Q    When was the next time, sir, that you had to

23   go to court for your burglary case?

24        A    I think June or July.

App. P. 28

1       Q    Now, did you tell your lawyer on that case

2  what had happened?

3       A    Yes.

4       Q    Now, you had a previous felony conviction you

5  told us from Wisconsin; is that correct?

6       MR. ALESIA:  Objection, Judge; asked and answered.

7       THE COURT:  Sustained.

8       MR. BEUKE:

9       Q    Well, the next time in June of 1998 that you

10  say you went to court, you told us you pled guilty; is

11  that correct?

12       A    Correct.

13       Q    And what you got was probation; is that

14  correct?

15       A    Correct.

16       Q    When did you find out that you were going to

17  be charged Federally?

18       A    Probably right around the same time.

19       Q    When were you taken into Federal custody?

20       A    Right around the same time.

21       Q    When?

22       MR. ALESIA:  Objection, Judge.

23       MR. BEUKE:  I will withdraw it.

24       THE COURT:  Overruled.

App P.29

1   MR. BEUKE:

2   Q May 5th?

3   A No, not May 5th.  A month later I was

4 indicted.

5   Q Well, it was during that period of time that

6 you actually flew up to Chicago and met with gentlemen

7 from Mr. Alesia and Mr. Kelly's office and went into

8 the Grand Jury; is that correct?

9   A Yes.

10   Q Had you had discussions with your lawyer

11 about whether or not you were going to be charged

12 Federally?

13   A She couldn't advise me because she wasn't a

14 Federal attorney.

15   Q Did you ask her to check into it?

16   A Yes.

17   Q And did she?

18   A Yes.

19   Q Were you told you were going to be charged

20 Federally?

21   A She said she couldn't give me an answer.  All

22 she gave was an attorney for me to hire.

23   Q Well, you flew up here with who?

24   A By myself.

1        Q    Did you jump on a plane and call Mr. Alesia

2 or somebody from his office and say, "Hey, I will be

3 there about 2 o'clock?"

4        A    No, the Federal Agents arranged it.

5        Q    They made the arrangements for you?

6        A    Yes.

7        Q    They bought the tickets, right?

8        A    The Federal Agents and State's Attorneys, I

9 think.

10        Q    When you got up here, you were picked up by

11 more Federal Agents?

12        A    No, police officers.

13        Q    When you were picked up by the police

14 officers, at some point you came down to this

15 building, right?

16        A    Correct.

17        Q    And that is when you were put in front of the

18 Grand Jurors; is that correct?

19        A    Correct.

20        Q    Now, in the Grand Jury, did you ask any

21 questions of the Prosecutors, or did they ever

22 admonish you that you could be charged Federally?

23        A    No.

24        Q    Well, sir, in June, that is the first time

1    you seem to recall that the Federal charges popped up;

2    is that correct?

3         MR. ALESIA:  Objection; asked and answered.

4         THE COURT:  Sustained.

5         MR. BEUKE:

6         Q    Well, within a matter of a few months, by

7    August of 1998, you pled guilty to the Federal

8    charges; is that correct?

9         A    I didn't plead guilty until December.

10        Q    Were you in custody on the Federal charges?

11        A    Yes.  I was under a 50 thousand dollar bond.

12        Q    You were in custody though?

13        A    Yes.

14        Q    From August of 1998, right?

15        A    From around that time, June, July.

16        Q    And after you went into Federal custody, from

17   August until December of 1998, you stayed at the

18   Metropolitan Correctional Center down in Tampa; is

19   that correct?

20        A    No.

21        Q    Where?

22        A    In Fort Meyers.

23        Q    And, ultimately, when you pled guilty, I

24   think you told us that your sentence was sixteen (16)

1    months; is that correct?

2       A    Correct.

3       Q    And, correct me if I am wrong, sir, but like

4    it is in State court, in Federal Court, the time you

5    spent in custody from August of 1998 until you pled

6    guilty, you got credit for that time; is that correct?

7       A   I didn't get taken back into custody until

8    January -- until February 1st.

9       Q    Well, in August of 1998 when you were

10   indicted, they set a bond; is that correct?

11      A    Correct.

12      Q    Were you in custody from that point or out of

13   custody?

14      A    Out of custody.

15      Q    So, you posted the money for the bond?

16      A    It was a signature bond.

17      Q    Oh, okay.  Can you explain that for the

18   Ladies and Gentlemen what a signature bond is?

19      A    My mother signed for the money.  If I left,

20   she was responsible.

21      Q    All you basically had to do was sign your

22   name?

23      MR. ALESIA:  Objection, Judge.

24      THE COURT:  Sustained.  His mother signed her

App. P. 33

1    name.

2        MR. BEUKE:

3        Q    You had to sign the bond slip also, didn't

4    you?

5        A    Yes.

6        Q    And you did that?

7        A    Yes.

8        Q    And was one of the conditions that you

9    continue to cooperate with the people in Chicago?

10       A    Not that I am familiar with.

11       Q    Well, you stayed in touch with the

12   Prosecutors from Chicago; is that correct?

13       A    No.  The last time I talked to them was when

14   I came up to testify.

15       Q    Well, you talked to them in March of this

16   year?

17       A    Yes.

18       Q    March 30th?

19       A    Yes.

20       Q    They came down to your Federal Penitentiary;

21   correct?

22       A    Yes.

23       Q    And you visited with Mr. Alesia; is that

24   correct?

App. P. 34

1        A    Yes.

2        Q    Now, you, again, are scheduled to be released

3    when?

4        A    Next month.

5        Q    Sir, just to back up a little bit.  When you

6    came up and testified before -- I'm sorry.  When you

7    were interviewed on May 1st by Kuchta, you talked to

8    Kuchta a little bit about the conversation that you

9    say you had with Mr. Dole on or around April 8th; is

10   that correct?

11       A    What conversation was that?

12       Q    Well, did you get a phone conversation from

13   him?

14       A    Yes.

15       Q    A phone call from him?

16       A    Yes.

17       Q    And that is when you told the Ladies and

18   Gentlemen that he told you, "It is hot up here"; is

19   that correct?

20       A    Correct.

21       Q    And you understood that to mean there were

22   police around?

23       A    Correct.

24       Q    Now, did you tell those Agents during that

App. P. 35

1      MR. ALESIA:  Objection.

2      THE COURT:  Sustained.  Jury will disregard it.

3      MR. BEUKE:

4      Q    Sir, you got the $1,500.00 that you say

5  Mr. Dole gave you back from that rental agency, didn't

6  you?

7      A    No, I didn't get it back.

8      Q    Where is it?

9      A    The Feds got it, or they kept it.

10     Q    You have never seen that money, according to

11 you?

12     A    No.

13     MR. BEUKE:  Nothing else.

14     THE COURT:  Redirect.

15                   REDIRECT EXAMINATION

16                   BY MR. ALESIA:

17     Q    Mr. Steffen, remember those questions before

18 lunch about what would happen if you found Snoop and

19 were you looking for Snoop?  Remember that?

20     A    Yes.

21     Q    Who told you to look for Snoop?

22     A    Joe.

23     Q    When did he tell you that?

24     A    We talked about it almost in every demo we

App. P. 36

1    had.

2        Q    Meetings?

3        A    Yes.

4        Q    Remember those other questions about do you

5    know what you did April 28th, 27th, 26th?  Remember

6    that?

7        A    Yes.

8        Q    You do remember the Defendant confessing to a

9    double murder to you; is that correct?

10       A    Correct.

11       Q    And all those days around the month of April,

12   how many other people, friends that you knew, people

13   that were going to be the goddaughter to your child,

14   how many other ones of those people confessed to a

15   double murder to you?

16       A    None.

17       Q    When we came down -- by, "we," myself and two

18   (2) Investigators -- came down to the Federal

19   Penitentiary about a month ago; is that correct?

20       A    Yes.

21       Q    And we asked you if you were going to

22   testify; is that correct?

23       A    Yes.

24       Q    Did we tell you what to say?

App. P. 37

1        A    No.

2        Q    Has anybody, any State's Attorney, Detective,

3    Agent, Federal, Lee County Sheriff, anybody ever told

4    you what to tell these Ladies and Gentlemen?

5        A    No.

6        Q    Has anybody made you any deals regarding your

7    cases?

8        A    No.

9        MR. ALESIA:    Nothing further, Judge.

10        THE COURT:    Recross.

11                         RECROSS-EXAMINATION

12                         BY MR. BEUKE:

13        Q    Well, after you cooperated with the ATF and

14    the FBI and Federal Prosecutors and State's Attorneys

15    on May 1st and May 2nd and May 3rd, the next month you

16    went into court and you got probation; is that

17    correct?

18        MR. ALESIA:    Objection; asked and answered.

19        THE COURT:    Sustained.

20        MR. BEUKE:

21        Q    Well, sir, you had already decided what to

22    say to the Federal Prosecutor and the State's Attorney

23    and Agent Kuchta because you knew that is what was

24    going to help Nathan Steffen out of this jam; is that

App. P. 38

1    correct?

2        A    That had nothing to do with my State time.

3    Nobody even knew about it.

4        Q    Nobody brought up the fact that you were up

5    there cooperating with the people up in Chicago?

6        A    No, the Judge didn't even know that I was

7    being indicted Federally.

8        Q    So, nobody, nobody, you, your lawyer, the

9    Prosecutors in Florida, never even told the Judge who

10   gave you probation that you were about to get indicted

11   Federally.  That is your testimony?

12       A    Yes.

13       MR. BEUKE:  Nothing else, Judge.

14       MR. ALESIA:  Nothing further.

15       THE COURT:  You may step down, sir.

16       MR. KELLY:  Judge, we ask to proceed by way of

17   stipulation.

18       THE COURT:  Okay.

19       MR. KELLY:  Ladies and Gentlemen, it is

20   stipulated, or agreed, between the parties, that, if

21   called to testify, Tim Nemec, N-e-m-e-c, would

22   testify, or state, the following:

23                    First, that he is the Keeper of the

24   Records for Nextel Communications of Englewood,

App. P 39

# EXHIBIT 5

# APRIL 25, 2000

# EXCERPT OF REBUTTAL

# CLOSING ARGUMENT OF

# ASA JOSEPH ALESIA IN

# *PEOPLE V. DOLE, 98 CR 14769*

```
 1              IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
                    COUNTY DEPARTMENT-CRIMINAL DIVISION
 2

 3    THE PEOPLE OF THE STATE OF      )
      ILLINOIS,                       )
 4                                    )
              Plaintiff,              )
 5                                    )
      vs.                             )    No. 98 CR 14769
 6                                    )
      JOSEPH DOLE,                    )    Charge:  Murder
 7                                    )
              Defendant.              )
 8    ---------------------------)

 9                    REPORT OF PROCEEDINGS had at the hearing

10    of the above-entitled cause before the Honorable

11    KENNETH WADAS, judge of said Court, on the 25th day of

12    April, 2000, at the hour of 10:30 a.m.

13

14         PRESENT:

15              HON. RICHARD DEVINE
                State's Attorney of Cook County, by
16              MR. JOSEPH ALESIA and
                MR. PATRICK KELLY
17                 Appearing on behalf of the Plaintiff;

18

19              MR. RICHARD BEUKE and
                MR. SAM SHIM
20                 Appearing on behalf of the Defendant.

21

22
      Paul W. O'Connor
23    Official Court Reporter
      Circuit Court of Cook County
24    County Department
```

1

App. P. 411

I N D E X

Date:  April 25, 2000

| WITNESS | DX | CX | RDX | RCX | FD | FC |
|---|---|---|---|---|---|---|
| GERALD HILGER | 12 | | | | | |
| THOMAS McGREAL | 20 | | | | | |
| THOMAS FLAHERTY | 21 | | | | | |

PD Appt'd. For Melissa Ramon        8
Defense Rests                      26
Instruction Conference             31
Closing Argument by State          46
Closing Argument by Defense        77
Rebuttal Argument by State        143
Jury Charged                      167
Exhibit Conference                179
Verdict                           192

2

App. P. 42

1    December of '97. And his family. He is a young man
2    that I told you has two daughters. He's asking you
3    examine this evidence carefully. Remember and read
4    what Judge Wadas tells you is the law in this case.
5    And when you go through the evidence, when you take it
6    bit by bit, when you asking not only what was the
7    evidence that they told me about, but what about this
8    piece of evidence, when you do all of those things, I
9    submit to you that you will have an easy time coming to
10   the conclusion that these gentlemen here as fine a
11   lawyers as they are, have not provided you with
12   evidence beyond a reasonable doubt. And you will
13   follow the law as Judge Wadas will give it to you and
14   you will find him not guilty. And you will give him
15   back to his family. Thank you, folks.
16          THE COURT: Ladies and gentlemen, we will
17   take a 10-minute recess before we start rebuttal
18   argument. Do not discuss this case amongst yourself
19   until you have heard the final argument and these
20   instructions on the law.
21               (Short recess taken).
22          THE COURT: Everyone can be seated and state
23   may make a rebuttal argument at this time.
24          MR. ALESIA: Please the court. Funny what

App. P. 43

1    those 11 burglaries, you know, you pled guilty.  Yeah.

2    The police wouldn't have known unless I confessed to

3    them.  Once I was caught.

4                  Remember George said that?  When he got

5    caught, he took responsibility.  When he got caught

6    here, he took responsibility.  Counsel makes much ado

7    about how he was in custody for 3 days.  Well yeah, you

8    heard those times explained.  You think there was a big

9    line of people lined up to testify against Joseph

10   Dole?  You think there was a bunch of people that

11   pounded on Area Four hey, I want to be a witness?  No

12   ladies and gentlemen.

13                  When George Hernandez was caught like he

14   did before, he cooperated with the police and he took

15   his responsibility.  I'm not telling you you have to

16   like him, I'm not saying that.  We are not cozying up

17   for cocoa as counsel wants you to, absolutely not.  But

18   if you're George Hernandez, where are you safer.  In

19   Area Four or out on the street with the guy who told

20   you if anybody asks, you weren't with me tonight.

21                  Nathan Steffen.  Another guy.  Calls him

22   a bunch of names.  Another bad guy.  Nathan Steffen is

23   so bad that when the police, when he knows that the

24   police and feds are coming to execute that search

App. P. 44

1   warrant, he's such a bad guy and a conniver and a thief
2   and a mutt that you know what he does?  He puts Joe
3   Dole's gold chains, Rolexes and some other expensive
4   watch, he puts that out on the drive with the other
5   stuff.  See he's such a big thief and conniver that
6   he's not going to keep this stuff for himself.
7   Nonsense.  Absolutely nonsense.
8                   If there is anybody you must believe in
9   this case it should be him.  Look at the options he was
10  facing.  The feds talk to him after they do the search
11  warrant.  Here's our card, you better call us.  If you
12  see Dole.  Fine.  Dole shows up.  Ask Nathan on direct,
13  how many opportunities did you have to call?  Had a
14  lot.  Dole didn't have his gun.  Feds took that, right,
15  no problem.  Didn't call.
16                  He knew at that point after Kuchta told
17  him this is a federal offense, that's pretty serious
18  offense, it's not a state offense, now it's a federal
19  offense.  He understood that.  Yet he still protected
20  the defendant.  The man who he was close enough to that
21  he gave a picture of his baby to, that was found in
22  that album along with the -- all the other gang
23  photos.  Where is his motive, his interest, his bias in
24  testifying?

App. P. 45

1          Was there any evidence at all -- now he
2   could make innuendo and speculation and talk about
3   deals that may or may not have happened, but ladies and
4   gentlemen the evidence is there was no deal.  There was
5   nothing offered, given, promised to Nathan Steffen in
6   return for his testimony.  In return for his statement
7   later on.  And look when it is that he gives that
8   statement.  7:30 in the morning his mom tells him look
9   at the TV.  He finds out Dole's in custody.  What does
10  he do, this guy that's conniving and moving about.

11          He calls Kuchta.  He pages Kuchta.  The
12  guy he knows that if he tells the truth to is going to
13  charge him with harboring a fugitive just like he did.
14  Does that sound like somebody who's running from
15  responsibility or does that sound like somebody who
16  once you realize Joseph Dole was in custody and could
17  no longer get to him, then he could finally tell the
18  feds what happened.  Without the fear of retaliation
19  from the defendant.

20          Even if ladies and gentlemen, that meant
21  going to federal prison, which he did.  For 16 months.
22  What does that tell you about the mind of Nathan
23  Steffen and about this defendant that somebody would
24  rather subject themselves to 16 months in federal

App. P. 46

1    custody rather than see him out on the street.  What
2    does that tell you about him.  What does that tell you
3    about his credibility.  And his motive and interest and
4    bias.

5              Counsel talked about starting an
6    organization.  Who would you start it with.  George
7    Hernandez or the defendant.  I ask you that.  Who would
8    you start an organization with.  A criminal enterprise
9    with.  Would you start it with the petty burglar and
10   car thief or would you start it with somebody with
11   resources. a car, money, friends in Florida, friends in
12   California, fellow gang members in both states.  Who
13   would you start that organization with.  Who would you
14   make the Inca.  George Hernandez or the defendant.  It
15   was the defendant, ladies and gentlemen.  Not George
16   Hernandez.

17             Counsel told you in opening statements
18   and just like these arguments here, opening statements
19   are not evidence.  Do not base your decision on that,
20   otherwise you will not be true to your oaths.  But it
21   is a promise.  And when counsel addressed you in
22   opening he said George, there is going to be evidence
23   that George Hernandez was the Inca, leader of the Pimp
24   Town Latin Kings.

155

App. P. 47

```
 1        IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
               COUNTY DEPARTMENT-CRIMINAL DIVISION
 2

 3

 4                    I, PAUL W. O'CONNOR, an Official

 5   Court Reporter for the Circuit Court of Cook County,

 6   County Department/Criminal Division, do hereby certify

 7   that I reported in shorthand the proceedings had at the

 8   hearing in the above-entitled cause; that I hereafter

 9   caused the foregoing to be transcribed into

10   typewriting, which I hereby certify to be a true and

11   accurate transcript of the proceedings had before the

12   Honorable KENNETH WADAS, Judge of said court.

13

14

15   _____

                    Official Court Reporter

16

17   Lic. No. 084-002955

18

19   Dated this___2nd___ day

20   of_____June_____, 2000.

21

22

23

24
```

App. P. 48

# EXHIBIT 6

# ORDER SHOWING NATHAN STEFFEN'S BOND WAS REVOKED FOR FAILING TO COMPLY WITH DRUG TESTING

App. 49

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                              CASE NO.   98-83-CR-FTM-17

NATHAN LEE STEFFAN,
    Defendant.
_____/

## O R D E R

This Cause is before the Court on the hearing that was held on February 2, 1999, pursuant to the Petition for Action on Conditions of Pretrial Release.   At the hearing, the Government proffered that the Defendant was not complying with the terms and conditions of his bond. According to the Government, the Defendant failed to report for urinalysis on three occasions and provided positive urinalysis tests on two occasions.   The Defendant presented no evidence to contest these charges.

Therefore, it is hereby ORDERED:

1. That the Bond for the Defendant Nathan Lee Steffan is hereby revoked.

2. That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal.

3. That the defendant be afforded reasonable opportunity for private consultation with counsel.

4. That, on order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined

App. P. 50

49

deliver the defendant to a United States Marshal for the purpose of appearances in connection with all court proceedings.

DONE and ORDERED in Chambers, Fort Myers, Florida, this 2⁻ᵈ day of _Feb_____, 1999.

GEORGE T. SWARTZ
UNITED STATES MAGISTRATE JUDGE

CC: ALISA
     Defense Counsel
     Sureties
     US Marshal
     US Pretrial
     Finance

App. P. 51

# EXHIBIT _7_

# LEADS REPORT SHOWING UNDISCLOSED FEDERAL CHARGES OF NATHAN STEFFEN

# (That were seemingly swept under the rug and sealed)

*App. P. 52*

CCSAO

RECORD REQUEST FOR FBI/ **(P-1)**
AGENCY:
  FBI                    ORI/  **(P-1)**
END


M/OGDEN            REQ/JOYCE OGDEN
4L01AASEKOGDEN
JL016023A
A1N/JOYCE OGDEN
THIS RECORD IS BASED ONLY ON THE FBI NUMBER IN YOUR REQUEST  **(P-1)**
BECAUSE ADDITIONS OR DELETIONS MAY BE MADE AT ANY TIME, A NEW COPY
SHOULD BE REQUESTED WHEN NEEDED FOR SUBSEQUENT USE.
            - FBI IDENTIFICATION RECORD -

WHEN EXPLANATION OF A CHARGE OR DISPOSITION IS NEEDED, COMMUNICATE
DIRECTLY WITH THE AGENCY THAT FURNISHED THE DATA TO THE FBI.

NAME                                  FBI NO.         DATE REQUESTED
STEFFEN,NATHAN LEE                    **(P-1)**       1999/10/08

SEX   RACE   BIRTH DATE   HEIGHT   WEIGHT   EYES   HAIR   BIRTH PLACE
M     W      **(P-1)**    610      140      BRO    BLK    **(P-1)**

FINGERPRINT CLASS     CITIZENSHIP
PO 02 03 04 09        UNITED STATES
16 09 02 12 08

1-ARRESTED OR RECEIVED 1996/05/19
   AGENCY-SHERIFF'S OFFICE MILWAUKEE (WI0410030)
      CHARGE 1-1ST-DEGREE RECKLESSLY ENDANGERING SAFETY, ETC



M/OGDEN            REQ/JOYCE OGDEN
NCIC.
      CHARGE 2-CARRYING A CONCEALED WEAPON 5202

CHARGE 3-RECEIVING STOLEN PROPERTY OVER $1000 2893

2-ARRESTED OR RECEIVED 1996/07/30
   AGENCY-DODGE CORR INST WAUPUN (WI014035C)
      NAME USED-STEFFEN,NATHAN L
      CHARGE 1-1ST DEGREE RECKLESS ENDANGER SAFETY

   COURT-
      CHARGE-1ST DEGREE RECKLESS ENDANGER SAFETY
      SENTENCE-
      2 YEARS

3-ARRESTED OR RECEIVED 1998/08/06
   AGENCY-USM FORT MYERS (FLUSM1406)
      CHARGE 1-HARBORING FUGITIVE

4-ARRESTED OR RECEIVED 1999/04/29
   AGENCY-FCI EDGEFIELD (SC019017C)
      AGENCY CASE-19169056 NAME USED-STEFFEN,NATHAN LEE
      CHARGE 1-CONSP TO POSS W/INT TO DISTRIB
      CHARGE 2-DISTRIB COC BASE W/IN 1000 FT OF A PROT AREA

*App. P. 53*

CCSAO 0000000672

CCSAO

/ UNABLE TO ASSOCIATE DISPOSITION WITH CHARGE
CHARGE-OTSIRER COC BASE W/IN 1000 FT OF A PROT AREA
SENTENCE-

M/OGDEN            REQ/JOYCE OGDEN
NCIC.
    120 MOS/3 YRS SRT / UNABLE TO ASSOCIATE DISPOSITION WITH CHARGE

ALL ARREST ENTRIES CONTAINED IN THIS FBI RECORD ARE BASED ON

FINGERPRINT COMPARISONS AND PERTAIN TO THE SAME INDIVIDUAL.

THE USE OF THIS RECORD IS REGULATED BY LAW.   IT IS PROVIDED FOR
OFFICIAL USE ONLY AND MAY BE USED ONLY FOR THE PURPOSE REQUESTED.

END OF RECORD

App. P. 54

CCSAO 0000000673

ILLINOIS STATE POLICE

DIVISION OF ADMINISTRATION

260 NORTH CHICAGO STREET

JOLIET, IL 60432-4075

CRIMINAL HISTORY OF : STEFFEN, NATHAN  L        (LAST KNOWN NAME)

STATE IDENTIFICATION NUMBER :        (P-1)

CONVICTION STATUS : PENDING DISPOSITION OR UNKNOWN

CUSTODIAL STATUS:     DATE:

ALIAS NAME(S)    DATE OF BIRTH

STEFFEN,NATHAN L        (P-1)

    10/08/1999              SID: IL38430880              PAGE:    1

App. P. 55

CCSAO 0000000674

SEX:    MALE

RACE:   WHITE

HEIGHT:  510    DATE REPORTED:  08/23/1995    FBI#:

WEIGHT:  140    DATE REPORTED:  08/23/1995    CHICAGO IR#:

EYES:   BROWN

HAIR:   BLACK

SKIN:   MEDIUM

SCARS/MARKS/TATOOS   PLACE OF BIRTH   DRIVERS LICENSE NUMBER   DL STATE

TAT UL ARM          WISCONSIN

SOCIAL SECURITY NUMBER   MISCELLANEOUS NUMBER   PALM PRINTS AVAILABLE

   (P-1)

PHOTO AVAILABLE   IDOC#   FOID#   INS#

SPRING GROVE POLICE DEPARTMENT

OCCUPATION   DATE REPORTED

EMPLOYER   DATE REPORTED

   10/08/1999              SID:  IL38430880                 PAGE:    2

ON PAROLE FOR POSS D    08/23/1995

ON PAROLE FOR POSS D

CRIMINAL HISTORY DATA

-------------------------------------------------------------------------------

ARREST

DCN: 203954146    DATE OF ARREST: 08/23/1995

NAME: STEFFEN, NATHAN L    DATE OF BIRTH: **(P-1)**

RESIDENCE:

ARRESTING AGENCY: SPRING GROVE POLICE DEPARTMENT    NCIC: IL0561900

AGENCY CASE #: 95311J    OFFICER BADGE #:    PHOTO AVAILABLE: YES

INDICTMENT #: 95311J

ARREST CHARGES

COUNT    STATUTE CITATION    LITERAL DESCRIPTION    CSAOD    CLASS

1    730 ILCS 5.0/5-6-4    VIOL PROB/COND DIS/SUPERVISION    O    Z

ARREST TYPE: PAROLE VIOLATION WARRANT    DATE OF OFFENSE: 08/23/1995

COURT CASE #: 272477J

COUNTY ISSUING WARRANT: CLAY

BOND INFORMATION

DATE BONDED:    BOND RECEIPT#:    BOND AMOUNT:    BOND DEPOSIT:

    10/08/1999    STID: IL38430880    PAGE:    3

App. P. 57

CCSAO 0000000676

10-08-1999 1:25PM   FROM CCSAO LEADS 3128906605

STATE USE ONLY

10/08/1999          SID: IL38430880          PAGE:   4

App. P. 58

CCSAO 0000000677

```
                                                      PAGE  01
XCX NO REC LEADS NAM/STEFFAN,NATHAN SEX/M
DOB/ (P-1)


U50898  1737
ILCPD00L3  OPR/CV  PUR/C  REQ/VELEZ, CARLOS E
NAM/STEFFAN,NATHAN               SEX/M RAC/W DOB/ (P-1)
****CAUTION/ON PAROLE FOR POSS D*****
SID/IL38430880  NAM/STEFFEN, NATHAN L            SEX/M
RAC/W  DOB/ (P-1)   HGT/510  WGT/140  HAI/BLK  EYE/BRO
SKN/MED  SMT/TAT UL ARM
FPC/                    FBI/
SOC/ (P-1)




F1=HELP   F2=NEXT   F3=PREV   F9=VIEW ALL   F10=ERASE   F11=STATUS   F12=EXIT
HDC035  PRESS F2 TO VIEW ADDITIONAL RECORDS
```

App. P. 59
CCSAO 0000000678

LEADS RESPONSES

CCSAO 738    CEV

PAGE  02

(P4    CIR/        MNU/
TOTAL ARRESTS      1
   ARGES CONV OFFENSE           CHARGES CONV OFFENSE
   1      0 OBSTRUCT GOVT
LAST ARREST 082395 BY SPRING GROVE PD       CASE # 95311J
FOR VIOL PROB,COND DIS, SUPERVIS,

                  **** END OF MESSAGE ****

F1=HELP    F2=NEXT    F3=PREV    F9=VIEW ALL    F10=ERASE    F11=STATUS    F12=EXIT
HDL010   ALL LEADS RESPONSES RECEIVED SO FAR HAVE BEEN DISPLAYED

App. P. 60
CCSAO 0000000679

```
M/PKAJQK07
98.128 17.42.53
  CPD00L3  OPR/CV  PUR/C  REQ/VELEZ, CARLOS E
 SID/IL38430880
ATN/VELEZ
THIS RECORD IS BASED ONLY ON THE SID NUMBER IN YOUR REQUEST-
IL38430880 BECAUSE ADDITIONS OR DELETIONS MAY BE MADE AT ANY TIME,
A NEW COPY SHOULD BE REQUESTED WHEN NEEDED FOR SUBSEQUENT USE.
                        ILLINOIS STATE POLICE
                     CRIMINAL HISTORY RECORD INFORMATION
STATE ID NO.  FBI NO.   CHICAGO IR NO.  DATE REQUESTED
IL38430880                              05/08/98
--NO III STATUS--               CAUTION STATEMENT(S) REPORTED
                                ON PAROLE FOR POSS D 08/23/95
CONVICTION STATUS
CANNOT BE DETERMINED BASED ON THE INFORMATION AVAILABLE
NAME                            DOB
STEFFEN, NATHAN L                    (P-1)

F1=HELP    F2=NEXT    F3=PREV    F9=VIEW ALL    F10=ERASE    F11=STATUS    F12=EXIT
HDC035  PRESS F2 TO VIEW ADDITIONAL RECORDS
```

CCSAO 0000000680

```
                                                            PAGE  02

 SEX     RACE        HGT WGT EYES        HAIR          .        SKIN
 M       W           510 140 BROWN       BLACK                  MEDIUM
   RTH PLACE
   ьCARS/MARKS/TATTOOS
 WISCONSIN                         TATTOO ARM, LEFT UPPER
 SOC SEC #
   (P-1)
 FINGERPRINT CLASS
 - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
 ARREST    ARRESTING AGENCY                    AGENCY CASE #  DCN08/23/95 IL0561900-
                                               95311J
           OFFENSE DATE   CAUTION STATEMENT REPORTED
           08/23/95       ON PAROLE FOR POSS D
           NAME                                DOB
           STEFFEN, NATHAN L                   05/23/1978
           PHOTO AVAILABLE
           ARREST CHARGES                      COURT / CASE #
             730 ILCS                          IL013015J-CLAY CO CIR CRT

 F1=HELP   F2=NEXT   F3=PREV   F9=VIEW ALL   F10=ERASE   F11=STATUS   F12=EXIT
 HDC035  PRESS F2 TO VIEW ADDITIONAL RECORDS
```

App. P. 62

CCSAO 0000000681

```
    5.0/5-6-4
    VIOL PROB,COND DIS, SUPERVISIO272477J
    WARRENT:
      PAROLE VIOL WARRANT
      CLAY
--------------------------------------------------------------
END OF PAGE 001 -- END OF REC
ORD
                **** END OF MESSAGE ****




  F1=HELP    F2=NEXT    F3=PREV    F9=VIEW ALL    F10=ERASE    F11=STATUS    F12=EXIT
  HDL010   ALL LEADS RESPONSES RECEIVED SO FAR HAVE BEEN DISPLAYED
```

App. P. 63

CCSAO 0000000682

STATE OF ILLINOIS          )
                           ) SS    *Case No. 98-83-CR-FTM-17*
COUNTY OF PERRY            )

## NOTICE OF PROOF OF SERVICE AND VERIFICATION

To:   Clerk of the U.S. Dist. Court        Roger B. Hanberg
      for the Middle District of Florida   Atty for the Middle District
      Ft. Myers Division                   of Florida - Tampa Office - Headquarters
      2110 First Street                    U.S. Attorney's Office
      Fort Myers, FL                       400 North Tampa St., Suite 3200
      33901                                Tampa, FL 33600

1. Notice is hereby submitted on the 20th day of November, 2024, at
   10:00 p.m. by me personally presenting the "Plaintiff's Motion
   To Unseal Related Records, Pleadings, Or Transcripts,
   Seemingly Filed Under Seal In The Above-
   Numbered Case"

2. Furthermore, delivered personally to penal officer, which amounts to
   placing said mail in the institutional mail and thereby the U.S. Mail
   to the above address(es), with proper postage paid by the institution.

3. Pursuant to 735 ILCS 5/1-109 and 28 U.S.C. 1746, I declare under
   penalty of perjury, that I have read the documents and that the
   information contained therein is true and correct to the best of my
   knowledge.

                    /s/ *Joseph B Dole*

                    Joseph Dole K84446
                    Pinckneyville Correctional Center
                    5835 State Route 154
                    Pinckneyville, IL 62274