```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

v.                                    Case No: 2:98-cr-83-JES

NATHAN LEE STEFFEN and
KRISTINA ROSE KLAW

_____

## OPINION AND ORDER

This matter comes before the Court on non-party Joseph Dole's Motion to Unseal Related Records, Pleadings, Or Transcripts, Seemingly Filed Under Seal (Doc. #60), filed on November 25, 2024. The United States filed a Response (Doc. #62) on February 25, 2025.

Non-party Joseph Dole (Dole) seeks to "unseal" certain documents in the court file (Documents No. 54, 57, 58). Dole represents that he was convicted of a murder and kidnapping which occurred in 1998 in Illinois, sentenced to life in prison, and is currently serving that sentence. Nathan Steffen, the defendant in this federal case, was arrested, charged, and convicted for harboring a fugitive – Dole. Steffen is reported to have been a witness at both state grand jury proceedings and Dole's state criminal trial. Dole asserts there were various non-disclosures concerning Steffen, and other misconduct by the Assistant State Attorney prosecuting his state case. Dole seeks access to the

"sealed" documents in this federal case in order to pursue post-conviction relief.

**(1)  Intervention by Dole**

The United States notes in its Response that Dole is essentially seeking to intervene in this federal case to unseal the documents.  (Doc. #62 at n.1.)  The United States does not oppose such intervention.  Id.  The Court will construe Dole's motion to include a request to intervene for this limited purpose, which request is granted.

**(2)  Right of Access to Judicial Records Principles**

The Court begins with the proposition that "[j]udicial records are open to the public, and for good reason—access to judicial proceedings is crucial to our tradition and history, as well as to continued public confidence in our system of justice. This Circuit has been resolute in our enforcement of that presumption of public access."  Callahan v. United Network for Organ Sharing, 17 F.4th 1356, 1358-59 (11th Cir. 2021).  The common-law right of access to judicial proceedings is "an essential component of our system of justice" and "instrumental in securing the integrity of the process." Chi. Trib. Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001). While such records are presumptively available to the public under the common law, the right of public access to judicial records is

"not absolute." <u>Nixon v. Warner Commc'ns, Inc.</u>, 435 U.S. 589, 598 (1978).

While this right of access is important, it is not without limits. The Court follows a two-step process.  The Court must first determine whether the items may properly be considered judicial records.  Second, the Court must balance any competing interests. <u>Chi. Trib. Co.</u>, 263 F.3d at 1311.

"Whether a document is a 'judicial record' subject to the common law right of access is a question of law...." <u>Callahan</u>, 17 F.4th at 1360 (citation omitted). A "judicial record" subject to the common-law right of access includes material "filed in connection with any substantive pretrial motion, unrelated to discovery." <u>Romero v. Drummond Co., Inc.</u>, 480 F.3d 1234, 1245 (11th Cir. 2007). A substantive pretrial motion need not be dispositive; any motion "'presented to the court to invoke its powers or affect its decisions,'" is subject to the public right of access. <u>Id.</u> at 1246 (citation omitted). Even documents not formally filed with the Court and not on the docket could be considered judicial records if they were "integral to the judicial resolution of the merits in any action taken by that court." <u>Comm'r, Alabama Dep't of Corr. v. Advance Local Media, LLC</u>, 918 F.3d 1161, 1167 (11th Cir. 2019) (quotation marks omitted).

Courts must evaluate whether good cause exists to prevent access, balancing "the asserted right of access against the other

party's interest in keeping the information confidential." Romero, 480 F.3d at 1246 (citation and quotation marks omitted). A Court weighing these competing interests will consider "'whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.'" Callahan, 17 F.4th at 1363 (citing Romero at 1246). Additionally, a Court should consider "whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, whether access is likely to promote public understanding of historically significant events, and whether the press has already been permitted substantial access to the contents of the records." Newman v. Graddick, 696 F.2d 796, 803 (11th Cir. 1983) (citing Nixon, 435 U.S. at 598-603 & n.11).

**(3)  Dole's Standing to Seek Access to Judicial Records**

The United States asserts that Dole lacks standing to seek access to the documents.  (Doc. #62, pp. 3-4.)  The Court disagrees.  Like any member of the public, Dole has a qualified common-law right of access to Court-filed documents.

**(4)  Dole's Ability to Obtain "Sealed" Judicial Records**

While Dole and the United States refer to the documents as having been "sealed," it is more accurate to refer to public access having been "restricted."  Each restricted docket entry available through the Public Access to Court Electronic Records (PACER) will state "You do not have permission to view this document."  The Middle District's Case Management/Electronic Case Filing (CM/ECF) allows authorized judicial employees to view "Restrictions" when a red padlock is clicked to identify those who may access a specific document.  As the Court understands it, modifications to CM/ECF nationwide effective November 1, 2004, resulted in court documents filed before November 1, 2004 automatically remaining under restriction with an internal "red padlock."  If the automatic red padlock was inappropriate, a request to the Clerk's Office typically could correct the access.

In this case, there are multiple docket entries that still have a red padlock due to the age of the case.  Dole requests access to three documents, but the Court will discuss the six restricted documents: Docket Nos. 54, 55, 56, 57, 58, and 59.

**1. Docket No. 54:**

This is a copy of pages 2 through 6 of the Criminal Judgment entered in the case, filed to reflect that Judgment was executed by delivering Steffen to a federal correctional institution on April 29, 1999.  (Doc. #54.)  The Judgment (Doc. #51) itself has

always been unrestricted (although it predates availability on the computer).  Nothing in pages 2 through 5 justifies restricted access.  The reason for the restricted access is page 6, which is the Statement of Reasons.  Access to a Statement of Reasons is restricted even under today's rules.  See Fed. R. Crim. P. 49.1 advisory committee's note to 2007 Adoption.[1]  A typical reason for such restricted access is concern that a defendant being sent to prison will be disclosed as having cooperated with the government.  And indeed, this Statement of Reasons discloses that Steffen received a departure from the applicable sentencing guideline range due to his substantial assistance to the government.

While the Court would not normally lift the restriction to a Statement of Reasons, the Court will do so here.  Steffen's

---

[1] Under the 2007 Adoption,

> The Judicial Conference Committee on Court Administration and Case Management has issued "Guidance for Implementation of the Judicial Conference Policy on Privacy and Public Access to Electronic Criminal Case Files" (March 2004). This document sets out limitations on remote electronic access to certain sensitive materials in criminal cases. It provides in part as follows:
>
> The following documents shall not be included in the public case file and should not be made available to the public at the courthouse or via remote electronic access:
>
> … statements of reasons in the judgment of conviction….

sentence has long been completed.  It is well known that Steffen cooperated with the State of Illinois authorities and testified at Dole's state court trial.  There is no increased danger to Steffen caused by release of the Statement of Reasons.  The contents of Doc. No. 54 may or may not aid Dole as he desires, but no good cause exists not to remove the restrictions from the entire document.  The Court finds that the entirety of Doc. No. 54 is a judicial record for which there is no good cause to continue to restrict access.

**2. Docket No. 55:**

This is the government's Motion for Order for Dismissal (Doc. #55) of a co-defendant upon successful completion of a Pretrial Diversion Program, with an attached letter addressed to the United States Attorney's Office from the Pretrial Services Office.  The Court finds that Doc. No. 55 is a judicial record for which there is no good cause to continue to restrict access.

**3. Docket No. 56:**

This is the same document as Doc. No. 55, only signed by the magistrate judge granting leave to file an Order of Dismissal. The Court finds that Doc. No. 56 is a judicial record for which there is no good cause to continue to restrict access.

**4. Docket No. 57:**

This is a Request by the Probation Office to modify Steffen's conditions of supervised release, which was approved by the

undersigned on August 15, 2000.  (Doc. #57.)  The Court finds that Doc. No. 57 is a judicial record for which there is no good cause to continue to restrict access.

**5. Docket No. 58:**

This is a Request by the Probation Office to modify Steffen's conditions of supervised release, which was approved by the undersigned on December 13, 2000.  (Doc. #58.)  The Court finds that Doc. No. 58 is a judicial record for which there is no good cause to continue to restrict access.

**6. Docket No. 59:**

This is a Request by the Probation Office to modify Steffen's conditions of supervised release, which was approved by the undersigned on August 19, 2002.  (Doc. #59.)  The document was archived but has now been scanned onto the docket under the same restrictions.  The Court finds that Doc. No. 59 is a judicial record for which there is no good cause to continue to restrict access.

The Eleventh Circuit has held that an order unsealing a court document is subject to an immediate appeal.  Callahan, 17 F.4th at 1360-61.  The Court will stay its order for thirty (30) days to allow the government to exercise its right to appeal if it so chooses.

Accordingly, it is hereby

**ORDERED**:

1. Non-party Joseph Dole's Motion to Unseal Related Records, Pleadings, Or Transcripts, Seemingly Filed Under Seal (Doc. #60), is **GRANTED** to the extent that the Clerk of the Court shall remove the restrictions from Doc. Nos. 54, 55, 56, 57, 58, and 59, effective April 7, 2025.

2. The removal of restrictions on the documents is **stayed until April 7, 2025.** The Clerk of the Court shall not remove the restrictions for these entries until on or after April 7, 2025. If the United States files a Notice of Appeal by this date, the Clerk of the Court shall not remove the restrictions until further order of the Court.

3. If no appeal is filed and the restrictions are lifted, Mr. Dole may obtain copies through PACER or the Clerk's Office for a copying fee.

**DONE and ORDERED** at Fort Myers, Florida, this ___6th___ day of March 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Joseph Dole
Counsel of record
U.S. Probation
Clerk of Court